**EXHIBIT C**

Joshua S. Boyette, Esquire
Richard S. Swartz, Esquire
SWARTZ SWIDLER, LLC
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
Office: (856) 685-7420
Fax: (856) 685-7417
Attorneys for Plaintiff

| | |
|---|---|
| **EVA LEVIN**,<br>100 John Street<br>New York, NY 10038<br><br>            Plaintiff,<br><br>        v.<br><br>**35 CLUB, LLC d/b/a CLUB XXXV**<br>7090 Rt. 35 North<br>Sayreville, NJ 08872<br><br>And<br><br>**STOCK ENTERPRISE, INC.**<br>7090 Rt. 35 North<br>Sayreville, NJ 08872<br><br>And<br><br>**ALANA, INC.**<br>7090 Rt. 35 North<br>Sayreville, NJ 08872<br><br>And<br><br>**DOREEN ACCIARDI**<br>c/o 35 CLUB, LLC<br>7090 Rt. 35 North<br>Sayreville, NJ 08872<br><br>And<br><br>**ANTHONY ACCIARDI, SR.**<br>c/o 35 CLUB, LLC<br>7090 Rt. 35 North | SUPERIOR COURT OF NEW JERSEY<br><br>MIDDLESEX COUNTY - LAW DIVISION<br><br>CIV. ACTION No. MID-L-3317-22<br><br>FIRST AMENDED COMPLAINT |

1

**EXHIBIT C**

**EXHIBIT C**

Sayreville, NJ 08872

And

**ANTHONY ACCIARDI, JR.**
c/o 35 CLUB, LLC
7090 Rt. 35 North
Sayreville, NJ 08872

And

**JOHN DOES 1-10**
c/o 35 CLUB, LLC
7090 Rt. 35 North
Sayreville, NJ 08872

      Defendants.

## CIVIL ACTION COMPLAINT

Plaintiff Eva Levin (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant 35 Club, LLC d/b/a Club XXXV (hereinafter "Defendant Club 35"), Defendant Stock Enterprise, Inc. ("Defendant Stock Enterprise"), Defendant Alana, Inc. ("Defendant Alana"), Defendant Doreen Acciardi, Defendant Anthony Acciardi, Sr., Defendant Anthony Acciardi, Jr., and Defendant John Does 1-10 (hereinafter collectively "Defendants").

## PARTIES

1.     The foregoing paragraphs are incorporated herein as if set forth in full.

2.     Plaintiff is an adult individual residing at the address as set forth in the caption.

3.     Defendant Club 35 is a corporation that maintains a business address as set forth in the caption.

4.     Defendant Stock Enterprise is a corporation that maintains a business address at the address set forth in the caption, has the same address as Defendant Club 35, has overlapping

2

**EXHIBIT C**

ownership and management with Defendant Club 35, in the caption and is an affiliated corporation and enterprise with Defendant Club 35, and at all times acted as a joint employer with Defendant Club 35 of Plaintiff and putative class members.

5. Defendant Alana, Inc., is a corporation that maintains a business address at the address set forth in the caption, has the same address as Defendant Club 35, has overlapping ownership and management with Defendant Club 35, in the caption and is an affiliated corporation and enterprise with Defendant Club 35, and at all times acted as a joint employer with Defendant Club 35 of Plaintiff and putative class members.

6. Defendant Doreen Acciardi is a principal of Defendant Club 35 and at all times relevant herein, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendant Club 35 which resulted in Defendant Club 35 failing to pay Plaintiff proper compensation pursuant to the FLSA and the New Jersey Minimum Wage Act and the New Jersey Wage Payment Collection Law.

7. Defendant Anthony Acciardi, Sr., is a principal of Defendant Club 35 and at all times relevant herein, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendant Club 35 which resulted in Defendant Club 35 failing to pay Plaintiff proper compensation pursuant to the FLSA and the New Jersey Minimum Wage Act and the New Jersey Wage Payment Collection Law.

8. Defendant Anthony Acciardi, Jr., is a principal of Defendant Club 35 and at all times relevant herein, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendant Club 35 which resulted in Defendant Club 35 failing to pay Plaintiff proper compensation pursuant to the FLSA and the New Jersey Minimum Wage Act and the New Jersey Wage Payment Collection Law.

**EXHIBIT C**

9. Defendants John Doe 1 through John Doe 10 are presently unknown persons who directly or indirectly, directed, aided, abetted and/or assisted with creating and/or executing the policies and practice of Defendants which resulted in Defendants failing to pay Plaintiff proper compensation pursuant to the FLSA and New Jersey Wage Laws.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. Plaintiff worked as an adult entertainer and masseuse for Defendants in New Jersey from in or around November 2015 to March 2020.

13. Plaintiff worked approximately 38 to 43 hours a week as an adult entertainer and masseuse during her tenure with Defendants.

14. Defendants improperly classified Plaintiff as an independent contractor.

15. Defendants promulgated rules, known as "House Rules," that Plaintiff was required to follow or be subjected to fees and/or fines levied by Defendants.

16. At all times relevant herein, Defendants determined its hours of operation.

17. At all times relevant herein, Defendants determined Plaintiff's work schedule.

18. At all times relevant herein, Defendants determined the method and amount of payment for the entertainment dances and massages performed by Plaintiff.

19. At all times relevant herein, Defendants communicated to Plaintiff that she was subject to discipline, including removal of "good standing" and termination for failing to sell massages, and failing to conform to other House Rules.

**EXHIBIT C**

**EXHIBIT C**

20. Defendants did not pay Plaintiff any wages for any worked performed for Defendants during her entire tenure with Defendants.

21. Plaintiff's only income was non-wage gratuities paid by patrons.

22. Defendants required Plaintiff to pay various fees from such income, including but not limited to:

    a. A minimum mandatory fee of at least $25.00 per each shift worked on Sunday through Wednesday, called a "house fee";

    b. A minimum mandatory fee of at least $65.00 per each shift worked on Thursday through Saturday, called a "house fee";

    c. A minimum mandatory fee of at least $60.00 per each 15-minute massage;

    d. A minimum mandatory fee of at least $150.00 per each 30-minute massage;

    e. A minimum mandatory fee of at least $300.00 per each 1-hour massage.

23. Defendants also required Plaintiff to pay various fines and penalties for misconduct and/or other violations of Defendants' House Rules from such income.

24. Defendants required Plaintiff to incur costs for costumes and other tools of the trade that were in reality business expenses of Defendants and which costs should have been reimbursed by Defendants, including but not limited to:

    a. Costumes;

    b. Hair/nails;

    c. Makeup;

25. The fees, fines, and expenses paid to Defendants by Plaintiff constitute *de facto* deductions and/or illegal kickbacks in violation of the FLSA and the New Jersey wage and hour law.

MID-L-003317-22   12/02/2022 4:58:47 PM   Pg 6 of 10   Trans ID: LCV20224125014
Case 3:22-cv-07143-GC-DEA   Document 1-3   Filed 12/08/22   Page 6 of 10 PageID: 46

**EXHIBIT C**

26. Moreover, to the extent that Plaintiff received any gratuities from customers, she was required to share same with Defendants' management and other non-service employees and agents of Defendants.

27. Such deductions, in conjunction with Defendants' failure to pay any wages, reduced Plaintiff's wages below the statutory minimum wage required by federal and state wage and hour law.

28. Defendants' deductions and failure to pay any wages meant that Plaintiff was not paid the statutory minimum wage required by federal and state wage and hour law.

29. As a result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT I
## Violations of the Fair Labor Standards Act
## Failure to Pay Federal Minimum Wage

30. The foregoing paragraphs are incorporated herein in as if set forth in full.

31. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

32. At all times relevant herein, Plaintiff is/was an "employee" within the meaning of the FLSA.

33. The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiff, at the federal minimum wage rate for each hour worked.

34. Defendants were not allowed to avail itself of the federal minimum wage rate under the FLSA.

35. Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiff.

36. Defendants, pursuant to their policies and practices, unlawfully deducted wages by

6

**EXHIBIT C**

imposing fines or penalties for lateness or misconduct, and requiring Plaintiff to incur expenses in carrying out duties assigned by Defendants, which resulted in reducing wages below the statutory minimum.

37. By failing to compensate Plaintiff, Defendants violated her statutory rights under the FLSA.

38. As a result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT II
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
**Failure to Pay New Jersey Minimum Wage**

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. At all time relevant herein, Defendants were and continue to be "employers" within the meaning of the NJWHL.

41. At all times relevant herein, Plaintiff was an "employee" within the meaning of the NJWHL.

42. The NJWHL requires employers, such as Defendants, to minimally compensate employees, such Plaintiff, at the state minimum wage rate for each hour worked.

43. Defendants failed to pay Plaintiff the state minimum wage for hours she worked.

44. As a result of Defendants' failure to compensate Plaintiff the minimum wage pursuant to the NJWHL, Defendants have violated and continue to violate the NJWHL.

45. As a result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT III
### Violations of the New Jersey Wage Payment Law ("NJWPL")
**Unlawful Deductions**

46. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the NJWPCL.

**EXHIBIT C**

47. At all times relevant herein, Plaintiff and was an "employee" within the meaning of the NJWPCL.

48. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

49. Defendants violated the NJWPCL by withholding wages for illegal deductions from Plaintiff's pay.

50. Defendants, pursuant to their policies and practices, unlawfully deducted wages by imposing fines or penalties for lateness or misconduct, and requiring Plaintiff to incur expenses in carrying out duties assigned by Defendants.

51. As a result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT IV
### Violations of Common Law
**Unjust Enrichment**

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. At all times relevant herein, Plaintiff performed services for Defendants from which Defendants benefited.

54. Defendants failed to pay Plaintiff the wages earned for work done for the benefit of Defendants.

55. Defendants failed to pay Plaintiff minimum wage for the hours she worked.

56. Defendants were unjustly enriched by not paying Plaintiff any compensation for the work done for Defendants.

57. As a result of Defendants' conduct, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order:

A. Enjoining Defendants from continuing to maintain their illegal policy, practice,

8

**EXHIBIT C**

MID-L-003317-22   12/02/2022 4:58:47 PM   Pg 9 of 10   Trans ID: LCV20224125014
Case 3:22-cv-07143-GC-DEA   Document 1-3   Filed 12/08/22   Page 9 of 10 PageID: 49

**EXHIBIT C**

or customs in violation of federal and state law;

  B. Providing that Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits she would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

  C. Awarding Plaintiff liquidated damages pursuant to the laws she is suing under;

  D. Awarding Plaintiff the costs and expenses of this action and reasonable legal fees as provided by applicable law;

  E. Awarding Plaintiff all other relief as the Court deems appropriate and just; and

  F. Plaintiff's claims are to receive a trial by jury.

            Respectfully submitted,
            */s/ Joshua Boyette*
            Joshua S. Boyette, Esq.
            **SWARTZ SWIDLER, LLC**
            9 Tanner St. Ste 101
            Haddonfield, NJ 08033
            Phone: (856) 685-7420
            Fax: (856) 685-7417
            Email: jboyette@swartz-legal.com

Dated:  December 2, 2022

**EXHIBIT C**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

By: *s/ Joshua S. Boyette*

Joshua S. Boyette, Esq.

## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned matter. I am not aware of any other proceeding which is the subject of the instant matter.

By: *s/ Joshua S. Boyette*

Joshua S. Boyette, Esq.

## DESIGNATION OF TRIAL COUNSEL

Joshua S. Boyette, Esq., of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

By: *s/ Joshua S. Boyette*

Joshua S. Boyette, Esq.

Dated: December 2, 2022

10

**EXHIBIT C**