# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

June 22, 2023

*Via ECF*
The Honorable Douglas E. Arpert
United States Magistrate Judge for the
District of New Jersey
402 East State Street, Courtroom 6W
Trenton, New Jersey 08608

   Re: *Levin v. 35 Club LLC, et al.,* Case No. 3:22-cv-07143-GC-DEA

Dear Judge Arpert:

  As the Court knows, we represent Plaintiff Eva Levin in the above-referenced wage and hour matter arising under the Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New Jersey Wage Payment Law, and common law, against her former employers, Defendants 35 Club, LLC, Stock Enterprise, Inc., Alana, Inc., as well as individuals Doreen Acciardi, Anthony Acciardi, Sr., Anthony Acciardi Jr., and DOES 1-10, for whom she worked from November 2015 to March 2020, in Seyreville, New Jersey. Pursuant to the Court's June 12, 2023, Order, we submit this letter in opposition to the informal letter application by all Defendants for a stay of this action pending the resolution of a pending criminal case against Defendants for prostitution and RICO violations.

  This lawsuit centers on Defendants' collective failure to properly compensate Plaintiff for her work as an adult entertainer and masseuse under the above-cited laws. The unrelated pending criminal case involves allegations that Defendants had knowledge that adult entertainers under their employment were engaged in prostitution, and Defendants consented to this conduct. Plaintiff's claims exclusively involve the manner in which she was compensated. Defendants are attempting to broadly argue that they have a lack of knowledge about their own enterprises, and then to use this broad denial of knowledge as a basis to stay this unrelated civil action.

Accordingly, the Court should deny this stay request as to all Defendants, especially the entity and limited liability corporation Defendants.

There is no constitutional requirement that a court stay discovery in a civil action pending the disposition of a criminal case. *See De Vita v. Sills*, 422 F.2d 1172, 1181 (3d Cir. 1970). Rather, s stay of a civil proceeding pending the outcome of a criminal proceeding may be granted when "special circumstances" so require in the "interests of justice." *See United States v. Kordel*, 397 U.S. 1, 12 (1970). Moreover, there exists no Fifth Amendment privilege for a corporate defendant. *See Braswell v. United States*, 487 U.S. 99, 105 (1988); *see also, In re Tower Metal Alloy Co.*, 188 B.R. 954, 956–57 (Bankr. S.D. Ohio, 1995) (denying motion for stay of civil proceedings filed by corporate defendants because corporation has no Fifth Amendment privilege).

While a stay of a civil case is an "extraordinary remedy," a court has discretion to stay the case if "the interests of justice require it." *See Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citations omitted). In determining whether to grant such a stay, courts consider the following factors: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interest of and burden on the defendants; (5) the interests of the court; and (6) the public interest. *Id.* at 527 (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

In the present action, nearly every factor weighs in favor of Plaintiff and against granting the stay. The criminal allegations of prostitution, as opposed to Defendants' failure to properly pay Plaintiff her wages, have almost no common factual allegations aside from the broadest one, namely, that Plaintiff was employed by Defendants. Under a broad denial of this fact, it is difficult to conceive of any civil action against Defendants that they would not argue should be stayed. Moreover, "[t]he similarity of issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay.'" *Id.* Therefore, this factor should strongly weigh in favor of denying the requested stay.

While Defendants have been indicted and thus the second factor is likely in their favor, this should not be sufficient grounds for a stay. The *Walsh Securities* court further observed that pre-indictment requests for a stay are generally denied because "there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case," but this does not mean all post-indictment requests are generally granted. *Id.* (citing *United States v. Priv. Sanitation Indus. Ass'n*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992)). Moreover, this case will not unduly burden the Defendants, as not one of Plaintiff's claims or factual allegations involve prostitution. Thus, the fourth factor also weighs in Plaintiff's favor.

The third, fifth, and sixth factors all also weigh in favor of denying the stay, as an indefinite halt to Plaintiff's civil claims for back wages would prejudice Plaintiff, be against the interests of the Court, and be against public interest. Such a stay would limit Plaintiff's ability to recover unpaid wages - - the Defendants denied her for the duration of her employment - - from corporate entities without Fifth Amendment privileges that may not even exist by the time the criminal proceedings are concluded. This would also weigh against the public interest, as the public has a strong interest in ensuring the fair and efficiency disposition of a case on its merits. *See Montgomery v. City of Paterson*, 2022 WL 15449258, at *6 (D.N.J. Oct. 27, 2022). Moreover, the Court has "an interest in judicial efficiency in terms of managing its caseload," *Walsh Sec., Inc.*, 7 F. Supp. 2d at 528, and in ensuring the "just, speedy and inexpensive" resolution of civil disputes. Fed. R. Civ. P. 1; *see also LM Ins. Corp. v. FAV Transp., L.L.C.*, 2015 WL 4915677, at *3 (D.N.J. Aug. 18, 2015). Therefore, such a delay would also be against the interests of the Court, as it would prevent the just and speedy resolution of this dispute.

Finally, even if the Court were to grant a stay as to the individual Defendants, the case should be allowed to proceed against the corporate Defendants, as there exists no Fifth Amendment privilege for a corporate defendant. *See Braswell*, 487 U.S. at 105. There is no reason for the case not to proceed, at the very least, against the three entities.

For these reasons, we respectfully request that the Court deny Defendants' request for a stay of this action pending the resolutions of Defendants' pending criminal case.

                                                Respectfully submitted,

                                                /s/ Ishan Dave
                                                Ishan Dave, Esq.
                                                    *For the Firm*

Copies to: All Defendants (*via* ECF)